**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| STERIGENICS U.S., LLC | ) | CIVIL ACTION FILE |
| | ) | NO. 1:20-cv-01382-WMR |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COBB COUNTY, GEORGIA; | ) | |
| NICHOLAS DAWE, Fire Marshal of | ) | |
| Cobb County, Georgia, in his Individual | ) | |
| Capacity; and KEVIN GOBBLE, | ) | |
| Development and Inspections Division | ) | |
| Manager and Chief Building Official of | ) | |
| Cobb County, Georgia, in his Individual | ) | |
| Capacity, | ) | |
| Defendants. | | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

The Defendants, Cobb County, Georgia, Nicholas Dawe and Kevin Gobble (hereinafter "Defendants") file the following Answer and Affirmative Defenses of Defendants to Amended Complaint for Declaratory Judgment and Injunctive Relief filed, as follows:

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

## **Second Defense**

Subject matter jurisdiction is lacking.

## **Third Defense**

Plaintiff lacks standing to bring the claims.

## **Fourth Defense**

Diversity jurisdiction is lacking, and, therefore, subject matter jurisdiction is lacking to hear the state law claims.

## **Fourth Defense**

The state law claims are barred by sovereign immunity because the real party in the interest is the County, and not the individually named County Officials.

## **Fifth Defense**

The individually named Defendants are not proper parties.

## **Sixth Defense**

The challenged ordinance is not unconstitutionally vague.

## **Seventh Defense**

The ordinance is rationally related to a legitimate governmental purpose.

**Eighth Defense**

The Plaintiff has not been deprived of any rights or privileges secured by the United States Constitution or by federal or state laws as a result of any act or omission of the Defendants.

**Ninth Defense**

The Amended Complaint fails, is barred, and should be dismissed because Plaintiff had adequate remedies at law and, therefore, equity will not afford relief.

**Tenth Defense**

Plaintiff is not entitled to an equitable remedy because it has unclean hands.

**Eleventh Defense**

Plaintiff is not entitled to the extraordinary remedy of an injunction.

**Twelfth Defense**

The legislative enactment of Section 54-51 was not arbitrary or capricious.

**Thirteenth Defense**

The Amended Complaint fails, is barred, and should be dismissed where Plaintiff failed to appeal the decision of Defendants to the Board of Adjustments and Appeals.

**Fourteenth Defense**

The Complaint fails, is barred, and should be dismissed where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise estoppel.

**Fifteenth Defense**

Without waiving any of the above styled special defenses and specifically reserving the right to amend the above-styled defenses and to add additional special defenses, Defendants hereby respond to the individually numbered paragraphs in the Plaintiff's Amended Complaint and shows the Court as follows:

1.

The allegations set forth in Paragraph 1 of the Amended Complaint are denied.

2.

The allegations set forth in Paragraph 2 of the Amended Complaint are denied.

3.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and, therefore, the allegations are denied.

4.

The allegations set forth in Paragraph 4 of the Amended Complaint are admitted.  Defendants further state that, upon information and belief, Sterigenics, which has operated under various names over the years, operates from multiple addresses at or near that location.

5.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and, therefore, the allegations are denied.

6.

The allegations set forth in Paragraph 6 of the Amended Complaint are admitted.

7.

The allegations set forth in Paragraph 7 of the Amended Complaint are admitted.

8. (as amended)

The allegations set forth in Paragraph 8 of the Amended Complaint are admitted.

9.

The allegations set forth in Paragraph 9 of the Amended Complaint are denied.

10.

The allegations set forth in Paragraph 10 of the Amended Complaint that Defendant Cobb County is a corporate body with the power to sue and be sued are admitted. The remaining allegations are denied. Defendants further state that this action is barred under the doctrine of sovereign immunity and other affirmative defenses set forth herein.

11. (as amended)

The allegation in Paragraph 11 that Cobb County is a citizen of Georgia is admitted. The remaining allegations are denied.

12.

The allegations set forth in Paragraph 12 of the Amended Complaint are denied.

13.

With respect to the allegations set forth in Paragraph 13 of the Amended Complaint, Defendants admit that the requirement in 28 U.S.C. § 1332 that the parties be citizens of different states has been satisfied, but deny that the amount-in-controversy requirement in the 28 U.S.C. § 1332 has been satisfied, and, therefore, submit that diversity jurisdiction is lacking.

14. (as amended)

The allegations set forth in Paragraph 14 of the Amended Complaint are denied.

15.

The Defendants admit that there is federal jurisdiction under 28 U.S.C. § 1331 to hear the federal constitutional claim asserted in Count 4 of the Amended Complaint because it involves a question of federal law. While the Court has the discretion under 28 U.S.C. § 1367 to exercise supplemental jurisdiction to hear the state law claims, the exercise of supplemental jurisdiction over the state law claims would be inappropriate if the federal claim were dismissed before trial under the directives for the exercise of supplemental jurisdiction in Eleventh Circuit authority.

16.

The Defendants deny the allegations in the first sentence of Paragraph 16. The remaining sentences of Paragraph 16 set forth conclusions of laws as to which no response is required. To the extent a response is required, the allegations are denied.

17. (as amended)

The allegations set forth in Paragraph 17 of the Amended Complaint are admitted.

18. (as amended)

The allegations set forth in Paragraph 18 of the Amended Complaint are admitted.

19.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and, therefore, the allegations are denied.

20.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and, therefore, the allegations are denied.

21.

The allegations contained in Paragraph 21 are admitted.

22.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and, therefore, the allegations are denied.

23.

Defendants admit the allegations contained in Paragraph 23 to the extent that Exhibit 1 speaks for itself.  The remaining allegations contained in Paragraph 23 are denied.

24.

Defendants admit the allegations contained in Paragraph 24 to the extent that Exhibit 1 speaks for itself.  The remaining allegations contained in Paragraph 24 are denied.

25.

Defendants admit the allegations contained in Paragraph 25.

26.

Defendants admit that Sterigenics is subject to regulation by a variety of federal, state, and local government entities, but lack or information as to the identities of all federal agencies that regulate Sterigenics.

27.

The Defendants lack or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 27, and, therefore, the allegations are denied.  With respect to the allegations in the second sentence of Paragraph 27, the DOT regulations set forth in the Code of Federal Regulations speak for themselves.

28.

Defendants admit that the Facility is equipped with multiple fire safety systems.  All other allegations contained in Paragraph 28 are denied.  Defendants

further state that each system and each location have separate standards and Plaintiff is not in full compliance with those standards.

29.

The allegations contained in Paragraph 29 are admitted.

30.

Defendants respond that Exhibit 2 appears to be a true and accurate copy of the business license, the contents of which speaks for itself.  The allegations contained in Paragraph 30 are admitted, except that the business license was not issued under the name "Sterigenics."  Defendants further state that obtaining a business license does not allow a business to operate in the absence of a properly issued Certificate of Occupancy.

31.

Defendants respond that Exhibit 3 appears to be a true and accurate copy of the 1984 CO, the contents of which speaks for itself.

32.

Defendants respond that Exhibits 59 and 60 referenced in Paragraph 32 speak for themselves.

33.

Defendants respond that Exhibits 4 – 9 referenced in Paragraph 33 speak for themselves.   While the building permits were lawfully issued by Cobb County entities with authority to do so, the County lacks knowledge or information as to whether the classifications in each such building permit were correct and/or were based on accurate information as to the actual usage occurring in the Sterigenics facility. In further response, the Building and Fire Certificates of Occupancy referenced by the Plaintiff states:  "This certificate certifies that to the best of the County's knowledge and belief at the time of issuance the structure has been erected in substantial compliance with applicable county codes.  No oversight by the office of the Building Inspector shall excuse violation of any ordinance of Cobb County. This Certificate of Occupancy certifies the facility listed hereon to the best of the County's knowledge complies with the minimum standards required by Georgia Safety Fire Laws as enforced by the County Governing Authority and the 101 Life Safety Code and Cobb County Fire Prevention Code on the date issued.   The Certificate of Occupancy shall run for the life of the building, provided the internal or external features of the building are not materially altered, the type of occupancy remains unchanged or there has been on fire of serious consequence or other hazard, discovered or unless voided by any future law." *See*, Amended Complaint Ex. 4.

34.

The Defendants admit that following various constructions projects over past decades, the County inspected the facility and issued Sterigenics COs, and that Exhibits 4-9 are accurate copies of such COs.  While the COS were lawfully issued by Cobb County entities with authority to do so, the County lacks knowledge or information as to whether the classifications in each such CO were correct and/or were based on accurate information as to the actual usage occurring in the Sterigenics facility.

35.

The Defendants admit that following various constructions projects over past decades, the County inspected the facility and issued Sterigenics COs, and that Exhibits 4-9 are accurate copies of such COs.  While the COS were lawfully issued by Cobb County entities with authority to do so, the County lacks knowledge or information as to whether the classifications in each such CO were correct and/or were based on accurate information as to the actual usage occurring in the Sterigenics facility.

36.

Defendants respond that Exhibit 9 referenced in Paragraph 36 speaks for itself.  If further response, the County lacks knowledge or information as to whether the information contained in Exhibit 9 was correct and/or were based on accurate information as to the actual usage occurring in the Sterigenics facility.

37.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and, therefore, the allegations are denied.

38.

The Defendants admit that the County issued building permits in the 2000s to Sterigenics, and all remaining allegations are denied.

39.

Defendants respond that Exhibit 10 referenced in Paragraph 39 speaks for itself.  The remaining allegations contained in Paragraph 39 are denied.

40.

Defendants admit that the County issued Sterigenics building permits for construction projects in 2014 and 2015,  and, admit that Exhibits 11 and 12 are accurate copies of those permits, and Defendants state that the content of such permits  speak for themselves.

13

41.

Defendants respond that Exhibit 11 referenced in Paragraph 41 speaks for itself.  The remaining allegations contained in Paragraph 41 are denied.  In further response, Defendants point out that Exhibit 11 at p. 13 states "NO OVERSIGHT BY THE OFFICE OF THE BUILDING INSPECTOR OR FIRE MARSHAL'S OFFICE SHALL EXCUSE VIOLATION OF ANY ORDINANCE OF COBB COUNTY."

42.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and, therefore, the allegations are denied.

43.

Defendants respond that Exhibits 11 - 13 referenced in Paragraph 43 speak for themselves.

44.

Defendants respond that Exhibits 11 and 12 referenced in Paragraph 44 speak for themselves.

45.

Defendants admit the allegations contained in Paragraph 45 of the Amended Complaint.

46.

Defendants admit that the County issued Letters of Completion to Sterigenics following its 2014 and 2015 construction projects and respond that Exhibit 11 and 12 referenced in Paragraph 46 speak for themselves. The County states further that the LOCs were issued under a mistake of fact because the construction costs exceeded the tax assessed value of the facility, and, therefore, Sterigenics should have been required to obtain a new certificate of occupancy, and not an LOC.

47.

Defendants admit the allegations contained in Paragraph 47 of the Amended Complaint.  Further responding, Defendant Gobble states that such information was not submitted to him personally, and Defendant Dawe states that at the time he was not the County Fire Marshall and as a deputy fire marshal at that time he was not involved with reviewing reports relating to new construction like this one.

48.

The allegations contained in Paragraph 48 are admitted insofar as the Cobb County Fire Department's Response Division – *not* the Fire Marshal's Office – toured the Facility in 2011, 2013, and 2015.  Defendants further state that these "tours" were for the purpose of incident preplanning and not fire code enforcement,

and any information received or observed by the Response Division would not, as routine practice, have been shared with the Fire Marshal's Office.

49.

The allegations contained in Paragraph 49 are admitted.  Defendants further state that the SSOE report was not accurate and contained technical errors.

50.

Defendants respond that Exhibit 18 referenced in Paragraph 50 speaks for itself.  The remaining allegations contained in Paragraph 50 are denied.  Further responding, Defendant Gobble states that such exhibit was not submitted to him personally, and Defendant Dawe states that at the time this exhibit was written he was not the County Fire Marshal and as a deputy fire marshal at that time he was not involved with reviewing reports relating to new construction like this one.

51.

Defendants respond that Exhibit 18 referenced in Paragraph 51 speaks for itself.  The remaining allegations contained in Paragraph 51 are denied.

52.

The allegations contained in Paragraph 52 are admitted.  Defendants further state that the system was recommended by SSOE.

53.

Defendants respond that Exhibits 12 and 20 referenced in Paragraph 53 speak for themselves.

54.

The Defendants admit that Sterigenics entered into an administrative order on consent with EPD and that Exhibit 21 is a true and accurate copy of that administrative order. Defendants further state that the EPD Consent Order required Sterigenics to comply with all building and fire codes.

55.

Defendants respond that Exhibit 21 referenced in Paragraph 55 speaks for itself. Defendants deny that Paragraph 55 contains the full quotation from Exhibit 21.

56.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and, therefore, the allegations are denied.

57.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and, therefore, the allegations are denied.

58.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and, therefore, the allegations are denied.

59.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and, therefore, the allegations are denied. Defendants state further that the requirements of the AOC (Exhibit 21) speak for themselves.

60.

Defendants admit the allegations in Paragraph 60 and state that Exhibit 22 appears to be a true and correct copy of the engineering plans submitted to the County, the contents of which speak for themselves.  Defendants further respond that engineering plans submitted by the Plaintiff were incomplete, and Plaintiff failed to supply deferred submittals that were required by the County.

61.

Defendants admit that a lawful building permit was issued to Sterigenics for the EPD-mandated construction, admit that Exhibit 23 is a true and accurate copy of the building permit issued to Sterigenics, and state that the content of Exhibit 23 speaks for itself.

62.

The Defendants admit the allegations in Paragraph 62.

63.

Defendants respond that Exhibit 23 referenced in Paragraph 63 speaks for itself.

64.

Defendants deny the allegations contained in Paragraph 64, except that Plaintiff sought and was issued a permit as requested.

65.

Defendants deny the allegations contained in Paragraph 65.  Defendants further state that the state building code is the authority on when a certificate of occupancy is required.

66.

Defendants deny the allegations contained in Paragraph 66.  Defendants further state that the EPD System Enhancements represent a change in use of the space by Sterigenics which require compliance with the issuance of a new certificate of occupancy for an Industrial High Hazard use.

67.

Defendants deny the allegations contained in Paragraph 67. Defendants further state that Sterigenics never possessed a certificate of occupancy for Industrial High Hazard for any part of its facility.

68.

Defendants deny the allegations contained in Paragraph 68.

69.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and, therefore, the allegations are denied.

70.

Defendants respond that the Exhibits referenced in Paragraph 70 speaks for themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and, therefore, the allegations are denied.

71.

Defendants respond that Exhibit 28 referenced in Paragraph 71 is a press release, the contents of which speak for itself.

72.

Defendants admit that Pond sent an email to Gobble and Dawe and that a meeting occurred on September 3, 2019.  The remaining allegations in Paragraph 72, including the substance of the email and meeting, are denied.

73.

Defendants admit that Exhibit 30 is an e-mail from citizens sent to two Commissioners on the Cobb County Board of Commissioner, the content of which speaks for itself.  The County further admits that two commissioners attended constituent town hall meeting.  The remaining allegations contained in Paragraph 73 are denied.

74.

With respect to the allegations contained in Paragraph 7, the Defendants state that the content of Exhibit 30 speaks for itself.  The remaining allegations contained in Paragraph 74 are denied.

75.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and, therefore, the allegations are denied.

76.

Defendants respond that the Exhibit referenced in Paragraph 76 speaks for itself.  The allegations contained in Paragraph 76 are denied.  Defendants further state that it was subsequently discovered that after products are treated with EO, the products are moved to the warehouse space where EO off-gassing occurs.

77.

The allegations contained in Paragraph 77 are admitted.

78.

Defendants respond that Exhibit 32 referenced in Paragraph 78 is a newspaper article, the content of which speaks for itself.  The remaining allegations contained in Paragraph 78 are denied.

79.

Defendants respond that the Exhibits referenced in Paragraph 79 speak for themselves.  All remaining allegations contained in Paragraph 79 are denied.

80.

Defendants deny the allegations contained in Paragraph 80.

81.

Defendants respond that the youtube video referenced in Paragraph 81 speaks for itself.  Defendants Dawe and Gobble deny any involvement in the statements referenced in said youtube video.

82.

Defendants respond that Exhibit 34 referenced in Paragraph 82 speaks for itself.  Defendants Dawe and Gobble deny any involvement in the statements referenced in Exhibit 34.

83.

Defendants respond that Exhibit 34 referenced in Paragraph 83 speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and, therefore, the allegations are denied.

84.

The allegations contained in Paragraph 84 are denied.

85.

Defendants respond that Exhibit 35 referenced in Paragraph 85 speaks for itself.  The remaining allegations contained in Paragraph 85 are denied.  Defendants further state that the letter was read to Clay Massey and stated that the County would inspect the facility and not just rely on the third-party analysis provided by Q-Dot.

86.

Defendants respond that Exhibit 35 referenced in Paragraph 86 speaks for itself.  The remaining allegations contained in Paragraph 86 are denied.  Further, Defendants show that the letter was provided to the press pursuant to an open records request.

87.

Defendants admit that the 2019 building permit was revoked and admit that Exhibit 36 contains a letter of revocation, the contents of which speak for itself.

88.

Defendants admit the allegations contained in Paragraph 88 of the Amended Complaint.  Defendants further state that any delay was occasioned by Sterigenics' failure to engage the third-party technical expert in a timely manner.  Further, the expert was delayed by a fire at its offices and an automobile accident.  Further delays were, again, caused by Sterigenics failure to provide requested information in a timely manner and repeated communications to the expert in an effort to change the wording in the report.

89.

The allegations contained in Paragraph 89 are admitted.  Further responding,
Defendants invoked the provisions of the International Building Code and
International Fire Code by requiring additional information and justification as the
proposed modifications failed to meet the building and fire code standards for such
use.  However, under the operative ordinances and laws, at no time did the fire
marshal or building official lose their authority to review and oversee, absent proper
appeal.

90.

The allegations contained in Paragraph 90 are denied.  Such a "representation"
would constitute an unauthorized delegation of the Fire Marshal and Chief Building
Official's authority, which would be impermissible under the law.

91.

The allegations contained in Paragraph 91 are denied.  Such a "representation"
would constitute an unauthorized delegation of the Fire Marshal and Chief Building
Official's authority, which would be impermissible under the law.

92.

The allegations contained in Paragraph 92 are denied, except that Defendants
lack knowledge or information sufficient to form a belief about the truth of the

allegations regarding Dr. Munger's schedule, and, therefore, the allegations are denied.

93.

Defendants respond that Exhibit 37 referenced in Paragraph 93 speaks for itself.  Defendants admit that Dr. Munger issued a draft report which called for markedly differing recommendations.  The remaining allegations in Paragraph 93 of the Amended Complaint are denied.

94.

The allegations contained in Paragraph 94 are denied.

95.

The allegations contained in Paragraph 95 are denied.

96.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and therefore, the allegations are denied.

97.

Defendants admit that on December 23, 2019, Ms. Warnick issued a report which she stated was a final report.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 97, and, therefore, the allegations are denied.  Defendants further state that the

County requested information on why Dr. Munger was no longer on the case and were told that it was personal between he and Ms. Warnick.

98.

Defendants deny the allegations contained in Paragraph 98 as pled. Specifically, Defendants deny that Exhibit 39 contains the quote "[t]he county rejected my report as it was written."

99.

Defendants deny the allegations contained in Paragraph 99.

100.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, and, therefore, the allegations are denied.

101.

Defendants show that the allegations contained in Paragraph 101 are admitted. Defendants further respond that a visit for Ms. Warnick was scheduled at the behest of both the Plaintiff and Defendants.

102.

Defendants admit that on March 23, 2020, Ms. Warnick issued a report. Defendants lack knowledge or information sufficient to form a belief about the truth

of the remaining allegations in Paragraph 102, and, therefore the allegations are denied.  In addition, Ms. Warnick sent a letter stating that the report would not be amended.

### 103.

Defendants respond that Exhibit 42 referenced in Paragraph 103 speaks for itself.  Defendants deny the remaining allegations.

### 104.

Defendants respond that Exhibit 42 referenced in Paragraph 104 speaks for itself.  Defendants deny the accuracy of the disclosed information contained therein.

### 105.

Defendants respond that Exhibit 42 referenced in Paragraph 105 speaks for itself.  Defendants further respond that the balance of the allegations do not contain the full quotation.   Defendants deny the accuracy of the disclosed information contained in Ms. Warnick's report.

### 106.

The allegations contained in Paragraph 106 are denied.

### 107.

Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108, and, therefore, the allegations are denied.

109.

Defendants respond that the content of the FDA press release (Exhibit 1 of the Amended Complaint)  referenced in Paragraph 109 speaks for itself.

110.

Defendants respond that the content of the FDA press release (Exhibit 1 to the Amended Compliant) referenced in Paragraph 110 speaks for itself.

111.

Defendants respond that Exhibit 43 referenced in Paragraph 111 speaks for itself.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111, and, therefore, the allegations are denied.

112.

Defendants respond that Exhibits 44 and 45 referenced in Paragraph 12 speak for themselves.

113.

Defendants admit the allegations in Paragraph 113.

114.

Defendants respond that Exhibit 47 referenced in Paragraph 114 speaks for itself.

115.

Defendants deny the allegations in Paragraph 115.  Sterigenics was allowed by the County to resume processing of PPE immediately prior to filing this suit. Upon information and belief, Sterigenics had not satisfied the requirements of the consent order with the EPD as of the filing of the instant litigation.

116.

Defendants respond that Exhibit 48 referenced in Paragraph 116 speaks for itself.  Defendants deny the remaining allegations.

117.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 117, and, therefore, those allegations are denied.  Defendants respond that Exhibits 49 and 50 referenced in Paragraph 117 speak for themselves.

118.

Defendants respond that Exhibits 51 and 61 referenced in Paragraph 118 speak for themselves.

119.

Defendants respond that Exhibit 52 referenced in Paragraph 119 speaks for itself.

120.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and, therefore, those allegations are denied. Defendants further respond that Exhibits 53 and 54 referenced in Paragraph 120 speak for themselves.

121.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and, therefore, those allegations are denied. Defendants respond further that Exhibit 55 referenced in Paragraph 121 speaks for itself.

122.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and, therefore, those allegations are denied. Defendants respond that Exhibit 1 referenced in Paragraph 122 speaks for itself.

123.

Defendants deny the allegations in Paragraph 123.

124.

Defendants deny the allegations in Paragraph 124.

125.

Defendants respond that Exhibit 56 referenced in Paragraph 125 speaks for itself.  Defendants deny the remaining allegations.

126.

Defendants respond that Exhibit 57 referenced in Paragraph 126 speaks for itself.  Defendants deny the remaining allegations.

127.

Defendants respond that Exhibit 21 referenced in Paragraph 127 speaks for itself.  Defendants deny the remaining allegations.  Defendants further state that Plaintiff's use of the partial quotation from Exhibit 21 is misleading because it was

from a "whereas" clause in an administrative order, which is not evidence or a finding.

### 128.

Defendants deny the allegations in Paragraph 128.

### 129.

Defendants deny the allegations in Paragraph 129.

### 130.

Defendants incorporate their responses to Paragraphs 1 through 129 as if fully set forth herein.

### 131.

Defendants deny the allegations in Paragraph 131 as pled.  Defendants further state that any approval based upon false and/or misleading information provided by Sterigenics is not legally valid.

### 132.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132, and, therefore, the allegations are denied.  Defendants further assert that any approval was based upon a mistake of fact or were obtained because false or misleading information was provided by Sterigenics to the County, therefore, such approvals are not legally valid.

33

133.

Defendants admit the allegations in Paragraph 133, but deny that the Sterigenics' subsequent construction was authorized by the permit  Defendant further assert that any approval was based upon a mistake of fact or were obtained because false or misleading information was provided by Sterigenics to the County, therefore, such approvals are not legally valid.

134.

Defendants admit that the Fire Marshal's Office reviewed the 2019 building permit; however, Defendants deny the remaining allegations in Paragraph 134.

135.

Defendants deny the allegations in Paragraph 135.

136.

Defendants deny the allegations in Paragraph 136.

137.

Defendants deny the allegations in Paragraph 137.

138.

Defendants deny the allegations in Paragraph 138.

139.

Defendants deny the allegations in Paragraph 139.

140.

Defendants deny the allegations in Paragraph 140.

141.

Defendants deny the allegations in Paragraph 141.

142.

Defendants deny the allegations in Paragraph 142.

143.

Defendants incorporate their responses to Paragraphs 1 through 142 above as if fully set forth herein.

144.

Defendants admit that the County issued COs to Sterigenics during the past decades; however, to the extent that any approval was based upon a mistake of fact or were obtained because false or misleading information was provided by Sterigenics to the County, such approvals are not legally valid.

145.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145, and, therefore, the allegations are denied.

146.

Defendants admit the allegations in Paragraph 146.

147.

Defendants admit that the Fire Marshal's Office reviewed the 2019 building permit; however, Defendants deny the remaining allegations in Paragraph 147.

148.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, and, therefore, the allegations are denied.

149.

Defendants deny the allegations in Paragraph 149.

150.

The allegations contained in Paragraph 150 of the Amended Complaint are denied.

151.

The allegations contained in Paragraph 151 of the Amended Complaint are denied.

152.

The allegations contained in Paragraph 152 of the Amended Complaint are denied.

153. (as amended)

Defendants incorporate their responses to Paragraphs 1 through 129 above as if fully set forth herein.

154.

Defendants deny the allegations in Paragraph 154.

155. (as amended)

Defendants deny the allegations in Paragraph 155.

156.

Defendants respond that Section 54-51(c) of the Cobb County Ordinances referenced in Paragraph 156 speaks for itself.

157. (as amended)

Defendants respond that the content of Section 54-51(i) of the Cobb County Ordinances referenced in Paragraph 157 speaks for itself.  Defendants deny the allegation that the ordinance is "vague."

158.

Defendants admit the allegations in Paragraph 158.

159.

Defendants deny the allegations in Paragraph 159.

160.

Defendants deny the allegations in Paragraph 160.

161.

Defendants deny the allegations in Paragraph 161.

162.

Defendants deny the allegations in Paragraph 162.

163.

Defendants deny the allegations in Paragraph 163.

164.

Defendants deny the allegations in Paragraph 164.

165.

Defendants deny the allegations in Paragraph 165.

166.

Defendants deny the allegations in Paragraph 166.

167.

Defendants deny the allegations in Paragraph 167.

168.

Defendants deny the allegations in Paragraph 168.

169.

Defendants deny the allegations in Paragraph 169.

170.

Defendants deny the allegations in Paragraph 170.

171.

Defendants deny the allegations in Paragraph 171.

172.

Defendants deny the allegations in Paragraph 172.

173.

Defendants deny the allegations in Paragraph 173.

174.

Defendants deny the allegations in Paragraph 174.

175.

Defendants deny the allegations in Paragraph 175.

176. (as amended)

Defendants incorporate their responses to Paragraphs 1 through 129 and Paragraph 157 above as if fully set forth herein.

177.

Defendants admit the allegations in Paragraph 177.

178.

Defendants deny the allegations in Paragraph 178.

179.

Defendants deny the allegations in Paragraph 179.

180.

Defendants deny the allegations in Paragraph 180.

181.

Defendants deny the allegations in Paragraph 181.

182.

Defendants deny the allegations in Paragraph 182.

183.

Defendants deny the allegations in Paragraph 183.

184.

Defendants incorporate their responses to Paragraphs 1 through 183 above as if fully set forth herein.

185.

Defendants deny the allegations in Paragraph 185.

186.

Defendants deny the allegations in Paragraph 186.

187.

Defendants deny the allegations in Paragraph 187.

188.

Defendants respond that the contents of the FDA press release (Exhibit 1 of the Amended Complaint) referenced in Paragraph 188 speaks for itself.

189.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189, and, therefore, the allegations are denied.

190.

Defendants deny the allegations in Paragraph 190.

191.

Defendants deny the allegations in Paragraph 191.

192.

Defendants deny the allegations in Paragraph 192.

193.

Defendants deny the allegations in Paragraph 193.

194.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194, and, therefore, the allegations are denied.

195.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195, and, therefore, the allegations are denied.

196.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196, and, therefore, the allegations are denied.

197.

Defendants deny the allegations in Paragraph 197.

198.

Defendants deny the allegations in Paragraph 198.

199.

Defendants deny the allegations in Paragraph 199.

200.

Any allegation contained in Plaintiff's Amended Complaint that is not specifically addressed herein, including but not limited to Plaintiff's Prayers for Relief (a) through (h), is hereby denied.

## FONT CERTIFICATION

This is to certify pursuant to LR5.1 that this Response Brief has been prepared with Times New Roman 14 point.

Respectfully submitted this 23rd day of November 2020.

*/s/ Fred D. Bentley, Jr.*
Fred D. Bentley, Jr.
Georgia Bar No.  052850
Jamie S. Wingler
Georgia Bar No.  770708

**BENTLEY, BENTLEY & BENTLEY**
241 Washington Avenue
Marietta, Georgia 30060
(770) 422-2300 Office
(770) 424-5820 Fax
fred@thebentleyfirm.com
jamie@thebentleyfirm.com

**COBB COUNTY ATTORNEY'S OFFICE**

*/s/H. William Rowling, Jr.*
H. William Rowling, Jr.
*County Attorney*
Georgia Bar No. 617225
Brian S. Johnson
*Senior Associate County Attorney*
Georgia Bar No. 394747

Lauren S. Bruce
*Assistant County Attorney*
Georgia Bar No. 796642
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES with the Clerk of Court using CM/ECF system which
will automatically send email notification of such filing and I certify that I have
mailed  by United States Postal Service to the following attorneys of record:

W. Clay Massey
Daniel F. Diffley
Kathryn C. Klorfein
Thomas P. Grantham
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309

Respectfully submitted this 23rd day of November 2020.

*/s/ Fred D. Bentley, Jr.*
Fred D. Bentley, Jr.
Georgia Bar No.  052850
Jamie S. Wingler
Georgia Bar No.  770708

**BENTLEY, BENTLEY & BENTLEY**
241 Washington Avenue
Marietta, Georgia 30060
(770) 422-2300 Office
(770) 424-5820 Fax
fred@thebentleyfirm.com
jamie@thebentleyfirm.com