# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| STERIGENICS U.S., LLC | ) | CIVIL ACTION FILE |
| | ) | NO. 1:20-cv-01382-WMR |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| COBB COUNTY, GEORGIA; | ) | |
| NICHOLAS DAWE, Fire Marshal of | ) | |
| Cobb County, Georgia, in his Individual | ) | |
| Capacity; and KEVIN GOBBLE, | ) | |
| Development and Inspections Division | ) | |
| Manager and Chief Building Official of | ) | |
| Cobb County, Georgia, in his Individual | ) | |
| Capacity, | ) | |
| Defendants. | | |

## ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDMENT TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

The Defendants, Cobb County, Georgia, Nicholas Dawe and Kevin Gobble (hereinafter "Defendants") file the following Answer and Affirmative Defenses to Second Amendment to Complaint for Declaratory Judgment and Injunctive Relief (hereinafter the "Complaint") as follows:

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

1

## Second Defense

The Complaint fails, is barred, and should be dismissed for lack of subject matter jurisdiction.

## Third Defense

The Complaint fails, is barred, and should be dismissed where Plaintiff lacks standing to bring the claims.

## Fourth Defense

The Complaint fails, is barred, and should be dismissed where diversity jurisdiction is lacking, and, therefore, subject matter jurisdiction is lacking to hear the state law claims.

## Fifth Defense

The state law claims are barred by sovereign immunity because the real party in the interest is the County, and not the individually named County Officials.

## Sixth Defense

The individually named Defendants are not proper parties to this action pursuant to the amendment to Ga. Const. Art. I, § II, Para. V.

## Seventh Defense

The challenged ordinance is not unconstitutionally vague.

## Eighth Defense

The ordinance is rationally related to a legitimate governmental purpose.

## Ninth Defense

The Plaintiff has not been deprived of any rights or privileges secured by the United States Constitution or by federal or state laws as a result of any act or omission of the Defendants.

## Tenth Defense

The Complaint fails, is barred, and should be dismissed because Plaintiff had adequate remedies at law and, therefore, equity will not afford relief.

## Eleventh Defense

Plaintiff is not entitled to an equitable remedy because it has unclean hands.

## Twelfth Defense

Plaintiff is not entitled to the extraordinary remedy of a permanent injunction.

## Thirteenth Defense

The legislative enactment of Section 54-51 was not arbitrary or capricious.

## Fourteenth Defense

The Complaint fails, is barred, and should be dismissed where the Plaintiff lacks standing to initiate the instant action by failing to exhaust its administrative remedies by appealing the decision of Building Official to the Board of Adjustments and Appeals (an independent body) as required by the Cobb County Code of Ordinances, Section 18-38.

## Fifteenth Defense

The Complaint fails, is barred, and should be dismissed where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise estoppel.

## Sixteenth Defense

The Complaint fails, is barred, and should be dismissed where the judicially created "individual capacity" claims, which could be asserted to enjoin **prospective** acts only, violated the Georgia's Constitution which allows the Georgia Legislature the exclusive power to waive sovereign immunity. Ga. Const. Art. I, § II, Para. IX.

## Seventeenth Defense

The Complaint fails, is barred, and should be dismissed where the Georgia Legislature passed, and the voters ratified, an amendment to the Ga. Const. Art. I, § II, Para. V(b)(1) which expressly eliminated individual capacity claims for **prospective** acts which occur on or after January 1, 2021.

## Eighteenth Defense

Claims for **prospective** injunctive and declaratory relief naming as a defendant any individual, officer, or entity (the Claims against Defendant Dawe and Gobble) "**shall be dismissed**." Ga. Const. Art. I, § II, Para. V(b)(2). [Emphasis added].

## Nineteenth Defense

The Ga. Const. Art. I, § II, Para. V(b)(3) further states that the amendment "shall not affect the power or **duty** of a court to dismiss any action or deny relief based on any other appropriate legal or equitable ground or other limitation on judicial review, including, but not limited to, **administrative exhaustion requirements**, ante litem notice requirements, sanctions for frivolous petitions, **standing**, statutes of limitation and repose, and venue," which in the present case the Plaintiff failed to exhaust. [Emphasis added].

## Twentieth Defense

Prior orders issued by this Court granting injunctive relief to Plaintiff are voidable where the Ga. Const. Art. I, § II, Para. V(b)(1) requires that the Court award declaratory relief prior to enjoining acts to enforce its judgment.

## Twenty-First Defense

O.C.G.A. § 8-2-25(c) applies only to prescriptive amendments which are required to be "not less stringent than those specified in the state minimum standard codes based on local climactic, geologic, topographic, or public safety factors," and does not apply to the purely procedural additions under the Cobb County Code of Ordinances, Sections 54-51(c) and (i). Only "**such**" prescriptive amendments are required to be submitted to the department. O.C.G.A. § 8-2-25(c)(1). Procedural ordinances and resolutions, such as Cobb County Code of Ordinances, Sections 54-

51(c) and (i) are governed by O.C.G.A. § 8-2-26(a)(1) which states that "(a) The governing body of any municipality or county adopting any state minimum standard code **shall have the power**:  (1) <u>To adopt by ordinance or resolution any reasonable provisions for the enforcement of the state minimum standard codes</u>, including **procedural requirements**, provisions for hearings, **provisions for appeals** from decisions of local inspectors, and any other provisions or procedures necessary to the proper administration and enforcement of the requirements of the state minimum standard codes."  [Emphasis added].

**Twenty-Second Defense**

O.C.G.A. § 8-2-25(c) is advisory in nature only and specifically states that "(5) **Nothing** in this subsection shall be construed so as to require approval by the department before a local amendment shall become effective." [Emphasis added].

**Twenty-Third Defense**

The Complaint fails, is barred, and should be dismissed for failure of service upon the Georgia Attorney General as required by O.C.G.A. § 9-4-7(c), as the alleged unconstitutionally vague definition of "substantial renovation" in the Cobb County Code, Section 54-51(i) which states:  "For the purposes of this Code section, substantial renovation means any construction project involving exits or internal features of such building, or <u>any structure costing more than the building's or structure's assessed value according to county tax records</u> at the time of such

renovation"; is equivalent to the language contained in O.C.G.A. § 25-2-14(d) which states in part that: "the term "substantial renovation" means any construction project involving exits or internal features of such building or structure costing more than the building's or structure's assessed value according to county tax records at the time of such renovation;" and is equivalent to the language contained in Rules and Regulations of the State of Georgia (GA R&R) Rule 120-3-3-.04, Section 103.2.1 which states in part that "The term "substantial renovation", for purposes of this subsection means any construction project involving exits or internal features of such building or structure costing more than the building's or structure's assessed value according to county tax records at the time of such renovation O.C.G.A. § 25-2-14." The constitutional attack against Cobb County Code, Section 54-51(i) is tantamount to an attack on the state statute O.C.G.A. § 25-2-14(d) and requires service on the Attorney General.

## Twenty-Fourth Defense

The Complaint fails, is barred, and should be dismissed where the Plaintiff lacks standing to initiate the instant action by failing to exhaust its administrative remedies by appealing the decision of the Fire Marshal to the Fire Prevention and Protection Safety Ordinance Appeals Board (an independent body) as required by Cobb County Ordinance, 54-55(e), adopted on February 11, 2020, more than 6 weeks prior to the commencement of this action which was filed on March 30, 2020.

## Twenty-Fifth Defense

The Cobb County Fire Marshal's Office has the authority to retroactively apply the adopted codes.[1]

## Twenty-Sixth Defense

Defendant Gobble and Defendant Dawe, in their individual capacities, assert that their recommendations outlined in their October 11, 2019 are superfluous, where prior to that date, Cobb County gave written notice by letter dated October 1, 2019 informing Plaintiff that "[u]ntil review by the selected technical expert and County officials is complete, Sterigenics is not permitted to engage in construction or sterilization operations at its Cobb County facility." [Doc. 3, Ex.35].

## Twenty-Seventh Defense

The Cobb County Building Official had the legal authority to revoke Plaintiff's building permit under the Cobb County Code, Sec. 18-121 which adopted the International Building Code (IBC) Section 105.6 which states that the "building official is authorized to suspend or revoke a permit issued under the provisions of this code wherever the permit is issued in error or on the basis of incorrect, inaccurate or incomplete information, or in violation of any ordinance or regulation or any of the provisions of this code."

---

[1] In the deferred submittals by Pond & Company dated September 11, 2019, Plaintiff's chosen engineers, stated that "Cobb County Fire Marshal's Office has the authority to retroactive[ly] require compliance with IFC, IBC, and IMC or the NFPA Standards, but no indication of any such retroactive compliance has been made to date."

## **Twenty-Eighth Defense**

The Georgia Constitutional Amendment, Ga. Const. Art. I, § II, Para. V, affects remedies and the mode of trial and should be applied retroactively to this case pursuant to O.C.G.A. § 1-3-5, which states in part that: "Laws looking only to the remedy or mode of trial may apply to contracts, **rights**, and offenses entered into, accrued, or **committed prior to their passage**; but in every case a reasonable time subsequent to the passage of the law should be allowed for the citizen to enforce his contract or to protect his right."

## **Twenty-Nineth Defense**

Without waiving any of the above styled special defenses and specifically reserving the right to amend the above-styled defenses and to add additional special defenses, Defendants hereby respond to the individually numbered paragraphs in the Plaintiff's Second Amended Complaint and shows the Court as follows:

### 167.

The allegations set forth in Paragraph 167 of the Second Amended Complaint are denied.

### 168.

The allegations set forth in Paragraph 168 of the Second Amended Complaint are admitted.

### 169.

The allegations set forth in Paragraph 169 of the Second Amended Complaint are admitted.

170.

The allegations set forth in Paragraph 170 of the Second Amended Complaint are admitted.

171.

Defendants admit that the allegations set forth in Paragraph 171 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

172.

Defendants admit that the allegations set forth in Paragraph 172 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

173.

Defendants admit that the allegations set forth in Paragraph 173 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

174.

The allegations set forth in Paragraph 174 of the Second Amended Complaint are denied. County Ordinance Sections 54-51(c) and 54-51(i) are not amendments to the State Minimum Standard Codes subject to the reporting requirements of O.C.G.A. § 8-2-25(c). Further, the "substantial renovation" definition referenced in Paragraph 174 of the Second Amended Complaint is also the definition codified in Georgia law as O.C.G.A. § 25-2-14.

175.

Defendants admit that the County did not make such "legislative determination" but deny that such "legislative determination" was required.

176.

Defendants admit that the County did not submit the referenced ordinances to the DCA for review and comment but deny that such a submittal was required.

177.

Defendants admit that the County did not submit any written legislative findings to the DCA but deny that such a submittal was required.

178.

Defendants admit that the County did not file the referenced County Ordinances with the DCA but deny that such a filing was required.

179.

The allegations set forth in Paragraph 179 of the Second Amended Complaint are denied.

180.

The allegations set forth in Paragraph 180 of the Second Amended Complaint are denied.

181.

The allegations set forth in Paragraph 181 of the Second Amended Complaint are denied.

182.

The allegations set forth in Paragraph 182 of the Second Amended Complaint are denied.

183.

The allegations set forth in Paragraph 183 of the Second Amended Complaint are denied. Any controversy that may have existed between Sterigenics and Gobble and Dawe was rendered moot by the passage of the Georgia Constitutional Amendment, Ga. Const. Art. I, § II, Para. V, which eliminated prospective relief against Gobble and Dawe in their individual capacities.

184.

The allegations set forth in Paragraph 184 of the Second Amended Complaint are denied.

185.

The allegations set forth in Paragraph 185 of the Second Amended Complaint are denied.

**Defendants' responses to: "b) Gobble Has No Legal Authority Under the County's Ordinance to Require a New Certificate of Occupancy."**

186.

The allegations set forth in Paragraph 186 of the Second Amended Complaint are denied.

187.

The allegations set forth in Paragraph 187 of the Second Amended Complaint are denied.

188.

The allegations set forth in Paragraph 188 of the Second Amended Complaint are denied.

189.

The allegations set forth in Paragraph 189 of the Second Amended Complaint are denied. Any controversy that may have existed between Sterigenics and Gobble and Dawe was rendered moot by the passage of the Georgia Constitutional

Amendment, Ga. Const. Art. I, § II, Para. V, which eliminated prospective relief against Gobble and Dawe in their individual capacities.

190.

The allegations set forth in Paragraph 190 of the Second Amended Complaint are denied.

191.

The allegations set forth in Paragraph 191 of the Second Amended Complaint are denied.

**Defendants' responses to: "COUNT IV – Declaratory Judgment: Legislative Violation of the United States Constitution (Against Defendant Cobb County)"**

192.

Defendants re-allege and reincorporate their Answers, Affirmative Defenses, and objections to Paragraphs 1 through 129 and 157 of the Complaint as if fully set forth herein.

193.

Defendants admit that the allegations set forth in Paragraph 193 of the Second Amended Complaint are an accurate representation of the portion of the Cobb County Ordinance quoted but omits other relevant portions of the Georgia Code and Cobb County Ordinances. Defendants further state that the ordinance speaks for itself.

The allegations set forth in Paragraph 194 of the Second Amended Complaint are denied.

194.

The allegations set forth in Paragraph 194 of the Second Amended Complaint are denied.

195.

The allegations set forth in Paragraph 195 of the Second Amended Complaint are denied.

196.

The allegations set forth in Paragraph 196 of the Second Amended Complaint are denied.

197.

The allegations set forth in Paragraph 197 of the Second Amended Complaint are denied.

198.

The allegations set forth in Paragraph 198 of the Second Amended Complaint are denied.

199.

The allegations set forth in Paragraph 199 of the Second Amended Complaint are denied.

**Defendants' responses to: "COUNT V – Declaratory Judgment: Defendant Dawe Has No Authority Under the County Ordinance Sections 54-51(c) and (i) Because They Are Ineffective Under O.C.G.A. § 8-2-25(c) (Against Defendant Dawe)"**

200.

Defendants re-allege and reincorporate their Answers, Affirmative Defenses, and objections to Paragraphs 1 through 129 and 157 of the Complaint as if fully set forth herein.

201.

The allegations set forth in Paragraph 201 of the Second Amended Complaint are admitted.

202.

The allegations set forth in Paragraph 202 of the Second Amended Complaint are admitted.

203.

Defendants admit that the allegations set forth in Paragraph 203 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

204.

Defendants admit that the allegations set forth in Paragraph 204 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

205.

Defendants admit that the allegations set forth in Paragraph 205 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

206.

Defendants admit that the allegations set forth in Paragraph 206 of the Second Amended Complaint are an accurate representation of the portion of the Georgia Code quoted but omits other relevant portions of the Georgia Code. Defendants further state that the Georgia Codes speak for themselves.

207.

The allegations set forth in Paragraph 207 of the Second Amended Complaint are denied. County Ordinance Sections 54-51(c) and 54-51(i) are not amendments to the State Minimum Standard Codes subject to the reporting requirements of O.C.G.A. § 8-2-25(c). Further, the "substantial renovation" definition referenced in Paragraph 207 of the Second Amended Complaint is also the definition codified in Georgia law as O.C.G.A. § 25-2-14.

208.

Defendants admit that the County did not make such "legislative determination" but deny that such "legislative determination" was required.

209.

Defendants admit that the County did not submit the referenced ordinances to the DCA for review and comment but deny that such a submittal was required.

210.

Defendants admit that the County did not submit any written legislative findings to the DCA but deny that such a submittal was required.

211.

Defendants admit that the County did not file the referenced County Ordinances with the DCA but deny that such a filing was required.

212.

The allegations set forth in Paragraph 212 of the Second Amended Complaint are denied.

213.

The allegations set forth in Paragraph 213 of the Second Amended Complaint are denied.

214.

The allegations set forth in Paragraph 214 of the Second Amended Complaint are denied.

215.

The allegations set forth in Paragraph 215 of the Second Amended Complaint are denied.

216.

The allegations set forth in Paragraph 216 of the Second Amended Complaint are denied. Any controversy that may have existed between Sterigenics and Gobble and Dawe was rendered moot by the passage of the Constitutional Amendment which eliminated prospective relief against Gobble and Dawe in their individual capacities.

217.

The allegations set forth in Paragraph 217 of the Second Amended Complaint are denied.

218.

The allegations set forth in Paragraph 218 of the Second Amended Complaint are denied.

**Defendants Responses to: "COUNT VI – Temporary Restraining Order and Preliminary Injunction (Against Defendants Gobble and Dawe)"**

219.

Defendants re-allege and reincorporate their Answers, Affirmative Defenses, and objections to Paragraphs 1 through 218 of the Complaint as if fully set forth herein.

220.

The allegations set forth in Paragraph 220 of the Second Amended Complaint are denied.

221.

The allegations set forth in Paragraph 221 of the Second Amended Complaint are denied.

222.

The allegations set forth in Paragraph 222 of the Second Amended Complaint are denied.

223.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223, and, therefore, the allegations are denied. Defendants further state that the FDA statements speak for themselves.

224.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224, and, therefore, the allegations are denied.

225.

The allegations set forth in Paragraph 225 of the Second Amended Complaint are denied.

226.

The allegations set forth in Paragraph 226 of the Second Amended Complaint are denied.

227.

The allegations set forth in Paragraph 227 of the Second Amended Complaint are denied.

228.

The allegations set forth in Paragraph 228 of the Second Amended Complaint are denied.

229.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 229, and, therefore, the allegations are denied.

230.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230, and, therefore, the allegations are denied.

231.

The allegations set forth in Paragraph 231 of the Second Amended Complaint are denied. Defendants further state that "on August 19, 2004, an explosion occurred inside an ethylene oxide sterilization chamber and an associated thermal oxidizer at the Sterigenics facility in Ontario, California. Four employees suffered minor injuries and the facility was rendered unusable." csb.gov/Sterigenics-ethylene-oxide-explosion/.

232.

The allegations set forth in Paragraph 232 of the Second Amended Complaint are denied.

233.

The allegations set forth in Paragraph 233 of the Second Amended Complaint are denied.

234.

The allegations set forth in Paragraph 234 of the Second Amended Complaint are denied as stated. Defendants further state that an order is currently in place enjoining the Defendants.

Any allegation contained in Plaintiff's Second Amended Complaint that is not specifically addressed herein, is hereby denied.

Defendants hereby incorporate and reassert by reference all other Answers and Affirmative Defenses to all other paragraphs and exhibits included in Sterigenics Complaint for Declaratory Judgment and Injunctive Relief filed on March 30, 2020, including those paragraphs in the Amendment to the Complaint filed on June 24, 2020, as fully set forth herein pursuant to L.R. 15.1.

**FONT CERTIFICATION**

This is to certify pursuant to LR5.1 that this Response Brief has been prepared with Times New Roman 14 point.

Dated this 7th day of May 2021.

**BENTLEY, BENTLEY & BENTLEY**

*/s/ Fred D. Bentley, Jr.*
FRED D. BENTLEY, JR.
Georgia Bar No. 052850
JAMIE S. WINGLER
Georgia Bar No. 770708
*Co-Counsel for Defendants*

23

241 Washington Avenue
Marietta, Georgia 30060
(770) 422-2300 Office
(770) 424-5820 Fax
fred@thebentleyfirm.com
jamie@thebentleyfirm.com

**COBB COUNTY ATTORNEY'S OFFICE**

*/s/Lauren S. Bruce*
LAUREN S. BRUCE
*Assistant County Attorney*
Georgia Bar No. 796642
H. WILLIAM ROWLING
*County Attorney*
Georgia Bar No. 617225
BRIAN S. JOHNSON
*Senior Associate County Attorney*
Georgia Bar No. 394747
*Attorneys for Defendants*

100 Cherokee Street, Suite 350
Marietta, GA 30090
Phone: 770-528-4000
Fax: 770-528-4010

**FREEMAN MATHIS & GARY, LLP**

*/s/ Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
L. David McCollum
Georgia Bar No. 484340
*Attorneys for the Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
Phone: 770-818-0000
Fax: 770-937-9960

**THE BARNES LAW GROUP, LLC**

/S/ Roy E. Barnes
Roy E. Barnes
Georgia Bar No. 039000
*Attorney for Defendant Kevin Gobble*

31 Atlanta Street
Marietta, Georgia 30060
BARNESLAW 770-227-6375
BARNESFAX 770-227-6373
roy@barneslawgroup.com

**CONLEY GRIGGS PARTIN LLP**

*/s/ Cale H. Conley*
Cale H. Conley
Georgia Bar No. 181080
*Attorney for Defendant Nicholas Dawe*

4200 Northside Parkway, N.W
Building One, Suite 300
Atlanta, Georgia 30327-3007
Phone: 404-467-1155
Fax: 404-467-1166
cale@conleygriggs.com

## CERTIFICATE OF SERVICE

I certify that on this day, I electronically served Defendants' Answer and Affirmative Defenses to Second Amendment to Complaint for Declaratory Judgment and Injunctive Relief on Counsel for all parties by email and by First Class U.S. Mail, postage prepaid, addressed as follows:

W. Clay Massey
Daniel F. Diffley
Kathryn C. Klorfein
Thomas P. Grantham
ALSTON & BIRD LLP
One Atlantic Center
1201 W Peachtree St NE
Atlanta, GA 30309
Clay.Massey@alston.com
Dan.Diffley@alston.com
Kathryn.klorfein@alston.com
Thomas.Grantham@alston.com

This 7th day of May 2021.

*/s/ Fred D. Bentley, Jr.*
Fred D. Bentley, Jr.
Georgia Bar No. 052850
Jamie S. Wingler
Georgia Bar No. 770708
*Co-Counsel for Defendants*

**BENTLEY, BENTLEY & BENTLEY**
241 Washington Avenue
Marietta, Georgia 30060
(770) 422-2300 Office
(770) 424-5820 Fax
fred@thebentleyfirm.com
jamie@thebentleyfirm.com